Vanderhoff Law Group
Alan Vanderhoff, Cal. Bar No. 138032
Jeanne C. Vanderhoff, Cal. Bar No. 138011
401 B Street, Ste. 1470
San Diego, California  92101
Telephone: (619) 299-2050

Proposed Attorneys for SOCAL EATS LLC and
Related Companies

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SoCal Eats LLC,<br><br>           Debtor. | Case No. 14-00092-LA11 |
| In re:<br>SoCal Eats College LLC,<br>           Debtor.<br>Case No. 14-00094-LA11 | DECLARATION OF DAVID<br>WHISENHUNT IN SUPPORT OF |
| In re:<br>SoCal Eats Kearny Mesa LLC,<br>           Debtor.<br>Case No. 14-00095-LA11 | (1) EMERGENCY FIRST DAY<br>     MOTION NO. 2 RE JOINT<br>     ADMINISTRATION,<br><br>(2) EMERGENCY FIRST DAY<br>     MOTION NO. 3 RE PAYMENT OF<br>     RENTS, AND |
| In re:<br>SoCal Eats La Jolla LLC,<br>           Debtor.<br>Case No. 14-00096-LA11 | (3) EMERGENCY FIRST DAY<br>     MOTION NO. 4 RE INTERIM<br>     PAYMENT OF MANAGEMENT<br>     FEE TO PARENT |
| In re:<br>SoCal Eats Market Street LLC,<br>           Debtor.<br>Case No. 14-00097-LA11 | Date:    No hearing set.<br>Time:<br>Dept:    2<br>Judges:  Hon. Louise DeCarl Adler |
| In re:<br>SoCal Eats Mission Valley LLC,<br>           Debtor.<br>Case No. 14-00098-LA11 | |
| In re:<br>SoCal Eats Point Loma LLC,<br>           Debtor.<br>Case No. 14-00099-LA11 | |

1    I, David Whisenhunt, declare as follows:

2    1.    I am a managing member of SoCal Eats LLC ("SoCal Eats" or the

3    "Parent"). I have personal knowledge of the facts set forth in this Declaration and, if

4    called as a witness, would and could testify competently thereto.

5    2.    SoCal Eats owns and operates six SmashBurger restaurants through six

6    wholly-owned subsidiaries (the "Subsidiaries"). The Subsidiaries include (1) SoCal

7    Eats College LLC, (2) SoCal Eats Kearny Mesa LLC, (3) SoCal Eats La Jolla LLC,

8    (4) SoCal Eats Market Street LLC, (5) SoCal Eats Mission Valley LLC, and (6) SoCal

9    Eats Point Loma LLC. SoCal Eats and each of the Subsidiaries is a debtor-in-

10    possession under chapter 11 of the Bankruptcy Code.[1] Each Subsidiary owns and

11    operates one restaurant.

12    3.    The primary secured creditor is Vibra Bank. Vibra Bank has a claim in

13    the approximate amount of $1.2 million. SoCal Eats is the primary obligor to Vibra

14    Bank. Each of the Subsidiaries is a guarantor. The Vibra Bank loans are secured by

15    liens on the assets of the six restaurants. There are unsecured claims of approximately

16    $3.6 million. A significant portion of the unsecured debt represents loans made by the

17    equity holders and related parties.

18    4.    I have been in discussions with a potential buyer for the six restaurants.

19    I believe that there will be more interested buyers if the restaurants are marketed. I

20    believe that the six restaurants can be sold for at least $2 million more than the

21    secured debt. The goal of these chapter 11 cases will be to promptly sell the six

22    restaurants, pay the secured creditor in full, and pay a significant dividend to the

23    unsecured creditors.

24

25

26

27    ────────────────

28    [1] SoCal Eats also owns a subsidiary named SoCal Eats Hillcrest LLC which is not operating and which did not file a bankruptcy petition.

2

5.      The Parent and the Subsidiaries generally operate as an integrated business enterprise and share common management. Some of the creditors of the Subsidiaries have claims in all of the Subsidiaries' bankruptcy cases.

6.      Each of the Subsidiaries pays a management fee to the Parent each month. The Parent pays (1) the salary of the district manager who manages the six stores, (2) the executive assistant who handles administrative matters for all of the companies, and (3) debt service payments to Vibra Bank. The total administrative expenses of the Parent are approximately $27,194 per month before debt service. The Parent will need to receive approximately $4,600 per month from each Subsidiary to meet its monthly expenses before debt service.

7.      The Parent also, from time to time, makes short term loans to the Subsidiaries to the extent needed to meet their expenses. The Debtors desire to continue the procedures for management fees and short term loans. The Parent currently does not have sufficient funds in its account to pay the payroll of its two employees which is due on Friday, January 17, 2014. Neither of the employees are insiders of the Debtors.

8.      The Debtors expect to file a motion this week to approve a cash collateral stipulation with Vibra Bank which will provide for the transfer of the bank's cash collateral from the Subsidiaries to the Parent. However, the Debtors need authority in the interim for the payment of management fees to the Parent so that the Parent can pay the expenses that benefit all of the Debtors.

9.      Each of the restaurants is operated from leased premises. There are six leases. The Debtors were current on all six leases as of December 31, 2013. However, January rents for three of the restaurants were not paid before the bankruptcy petitions were filed. Therefore, seven days of the current lease period is pre-petition. The Debtors wish to continue paying the rent under the leases to the extent that they have available cash flow to do so. The unpaid January rents include SoCal Eats College LLC in the amount of $9,095.78 (prepetition amount is approximately $2,053)

3

1  payable to LOG Realty, Inc., SoCal Eats Market Street LLC in the amount of $7,490

2  (prepetition amount is approximately $1,691) payable to Spectrum Property

3  Management, and SoCal Eats Point Loma LLC in the amount of $9,479.27

4  (prepetition amount is approximately $2,140) payable to Liberty Station, and SoCal

5  Eats Kearny Mesa LLC in the amount of $2,250 for an advertising sign payable to

6  Aero Drive Three LLC.

7         I declare under penalty of perjury under the laws of the United States that the

8  foregoing is true and correct.  This declaration was executed in San Diego, California

9  on January 12, 2014.

10

11                              /s/ David Whisenhunt

12                              _____

                                David Whisenhunt

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28